**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Dated: 08:12 AM April 10, 2019**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| JASON E. ANTHONY, | ) | CASE NO. 17-62120 |
| | ) | |
| Debtor. | ) | JUDGE RUSS KENDIG |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | |

Attorney Kenneth L. Sheppard, Jr. ("Counsel") filed a fee application for $835.55. No objections were filed.

The following constitutes the court's finding of fact and conclusions of law under Federal Bankruptcy Rule 7052. The court has jurisdiction of this case and matter under 28 U.S.C. § 1334 and 28 U.S.C. § 157 and has authority to issue final orders. Venue in this district is appropriate under 11 U.S.C. § 1409.

## BACKGROUND

Debtor filed a chapter 13 case on September 25, 2017. Counsel's Disclosure of Compensation indicates he charged Debtor $3,600.00 and received a $600.00 retainer. Debtor was an above-median debtor, requiring a sixty month plan. His plan, confirmed on February 8, 2018, proposed a forty-six percent (46%) dividend to unsecured creditors. At the

1

time of filing, Administrative Order 14-01 governed no-look attorney fees in chapter 13 cases.

The chapter 13 case was unremarkable. Debtor filed one amended plan that increased the dividend to unsecured creditors and decreased his monthly plan payments, likely as a result of owing less tax debt than included in the original plan. Following confirmation, Debtor objected to one untimely proof of claim and filed a modification to suspend payments for one month to allow him to replace a hot water tank. As part of the modification, Debtor increased monthly plan payments to make up the difference for the suspended payment.

On November 18, 2018, the court granted Counsel an additional $535.55 in fees and expenses. The fees related mainly to the modification. The expenses were for multiple items throughout the case.

On February 28, 2019, Debtor converted the case to chapter 7. Counsel filed a fee application seeking $835.55. He wants $600.00 in fees and the unpaid balance of $235.55 in expenses from the previous fee application. To date, Counsel has been paid a total of $3,300.00, the $600.00 retainer and $2,700.00 through the chapter 13 plan.

## **DISCUSSION**

Counsel received adequate compensation for the services in this case, including the conversion. In fact, Counsel received more. The court will not approve the additional requested fees.

Under Administrative Order 14-1, counsel was entitled to the following: a base fee of $2,600.00, $300.00 as an extended commitment fee, and $600.00 as a case termination fee, for a total of $3,500.00. In spite of the fact that Counsel accepted a larger retainer than permitted under Administrative Order 14-1,[1] and charged $100.00 more than the allowable no-look fee, he was awarded $3,600.00 as a no-look fee without requiring a fee application.

Counsel received $3,300.00, nearly the entire no-look fee. The no-look fee contemplates a completed, sixty month plan. In fact, $900.00 of the fee is directly related to these two items. Debtor's case is less than two years old and did not complete.

Additionally, the no-look fee contemplates the provision of a wide variety of services, including, but not limited to, representation of a debtor in routine claim objections, two motions for relief from stay, motions to avoid liens, a motion to reinstate the stay, a motion to reinstate the case, and two miscellaneous motions (e.g., motion for suspension of payments). Upon review of the record and Administrative 14-1, Counsel should not have received additional compensation for the modification, a no-look fee service. Further, the court recently determined that $200.00 an hour for Counsel's associate, Jennifer Donahue, is excessive. In re Frame, Case No. 16-61075 (Bankr. N.D. Ohio Feb. 6, 2019). In hindsight, granting the fee application dated November 1, 2018 was improvident on multiple grounds.

---

1 The allowable retainer is $500.00 to qualify for the no-look fee.

Attorneys are entitled to reasonable compensation for services rendered. 11 U.S.C. § 329(b). The starting point for determining reasonableness in this circuit is the lodestar method whereby the fee is calculated by multiplying the reasonable time spent on the task by the reasonable hourly rate. <u>Boddy v. U.S.</u>, 950 F.2d 334, 337 (6th Cir. 1991). The resulting figure is subject to adjustment by the court based on qualitative factors, including

1. the requisite time and labor;
2. the novelty and difficulty of the issues;
3. the requisite skill;
4. the preclusion of other employment;
5. the customary fee;
6. the risk incurred;
7. time limitations;
8. the amount involved and the results obtained;
9. the experience, reputation and ability of the counsel;
10. the desirability of the case;
11. the nature and length of the case; and
12. the results obtained in similar cases.

<u>In re Kieffer</u>, 306 B.R. 197, 205 (Bankr. N.D. Ohio 2004) (citing <u>Johnson v. Georgia Hwy. Express, Inc.</u>, 488 F.2d 714, 717-19 (5th Cir. 1974)); *see also* 11 U.S.C. § 330(a)(3).

This case was not involved. It did not require unusual time or labor. There were no novel or difficult legal or factual issues. Nominal bankruptcy skills were required for representation in this case. It would not preclude other employment. Counsel took no unusual risk in representing Debtor in this case. There were no special facts that created extreme time limitations, such as an imminent foreclosure sale. The amount involved was typical, yet the results obtained were not typical. The case did not complete but converted less than half-way into the plan term. Nothing made this case particularly undesirable. In fact, it was probably a more desirable case in the grand scheme of chapter 13 bankruptcy cases.

Most importantly of the above factors, the case achieved a poor result. This is not necessarily any lawyers fault, but it is a substantial consideration. <u>In re Unitcast, Inc.</u>, 214 B.R. 992, 1008-9 (Bankr. N.D. Ohio 1997) (quoting <u>In re Allied Computer Repair, Inc.</u>, 202 B.R. 877, 887 (Bankr. W.D. Ky. 1996) ("the majority of Courts agree that the results obtained is a major factor in determining whether the services at least bestowed a benefit upon the estate.")

Moreover, the amount sought is far beyond the norm in the community. The hourly rate is merely a starting point for fees in consumer bankruptcy cases. The simple fact is that some cases take more time than they can pay in legal fees. Most lawyers, recognizing this, do not file fee applications for every service which the law allows. They know that it's just too much. Thus, the size and success of the case are the ultimate arbiter of fees. In a lodestar system, rate times hours is a starting point. In the bankruptcy system, rate times hours is the barest of

starting points.

What this means is that the quoted hourly rate is not an hourly rate. It is an imputed rate that assumes all will go smoothly. In reality, a certain percentage of cases go very well, acceptably well, poorly, and disastrously. The fees are mostly self-regulated by attorneys understanding that fees in Chapter 13 are not a matter of rate times hours. Thus "actual rate" is disguised by the absence of fee applications in cases where the results do not warrant, or will not physically bear, a greater amount. Alas, not in this case.

Beyond the foregoing, it is abundantly clear that the fees paid to date exceed both the amount justified by the results obtained and the amount actually received in similar cases. The court resists the obvious temptation to order disgorgement.

## **CONCLUSION**

Mr. Sheppard is entitled to reasonable compensation for his services. He received $3,300.00, a more than adequate amount for this case. Additionally, $235.55 is unpaid from the fee application approved on November 28, 2018, bringing the total approved fees to $3,535.55. The court will not award the additional $600.00 requested.

An order will be issued immediately.

#   #   #


**Service List:**

Kenneth L. Sheppard, Jr.
Sheppard Law Offices Co LPA
Belden Village Tower, Ste. 200
4450 Belden Village St., NW
Canton, OH 44718

Dynele L Schinker-Kuharich
Office of the Chapter 13 Trustee
200 Market Avenue North, Ste. LL30
Canton, OH 44702

Jason E. Anthony
2406 Harrisburg Rd NE
Canton, OH 44705